IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3061 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TREVOR CHILDERS, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

On September 11, 2008, through newly retained counsel, Trevor Childers (Childers) filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Filing 47.) While the motion is earnestly submitted, I will deny it.[1]

Essentially, Childers argues that his sentencing counsel, P. Stephen Potter, was ineffective because Potter did not adequately research sentencing decisions in other cases and because he failed to thoroughly brief a downward departure and variance motion. (Filing 47, at CM/ECF p. 4.)  I disagree.

The record establishes that Mr. Potter was not ineffective and that Childers was not prejudiced.  *See*, *e.g.*, Strickland v. Washington, 466 U.S. 668, 687 (1984) (a

---

[1] When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

convicted defendant's claim that counsel's assistance was so defective as to require reversal has two components: first, defendant must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defendant by showing that counsel's errors were so serious as to deprive defendant of a reliable result); *Lindsey v. United States*, 310 F.3d 606, 607-608 (8th Cir. 2002) (affirming denial of § 2255 motion, applying *Strickland* to a sentencing proceeding and holding that defense counsel's failure to object to large drug quantity set forth in the presentence investigation report did not prejudice defendant at sentencing because the government would have proven a similar quantity in any event).

Childers pled guilty to possession of child pornography. (Filings 15, 26 and 27.) On September 13, 2007, he was sentenced to 4 years and 3 months in prison (filing 41) for possessing over 600 images. (Filing 39, at PSR ¶¶ 16, 31.) That was a low-end sentence under the advisory Guidelines. Childers did not appeal.

The child pornography included images of infants and children under the age of 5. (Filing 39, at PSR ¶ 21.) After all was said and done, Childers had a criminal history category of I, and a total offense level of 24, providing an advisory Guidelines range of 51 to 63 months in prison. (Filing 42, at CM/ECF p. 1.)

Childers obtained the child pornography by paying for access to a web site entitled "illegal.cp." (Filing 39, at PSR ¶ 14.) Unfortunately for Childers, the government had obtained a Title III interception order and it was able to determine who patronized the illicit business. Consequently, Childers and many others were charged following a nationwide investigation. (*Id.*)

Prior to sentencing, Potter filed a motion that I construed as both a motion for departure[2] and a motion for variance seeking a reduced sentence. Potter argued that a probationary or reduced sentence was warranted because the defendant was addicted to pornography, because he engaged in counseling following the charges, because he had done well in counseling, because he had not violated pretrial release conditions, and because he had no criminal history. (Filings 29 and 31.) That motion was supported by a brief. (Filing 29, Attach. 1.) As I had ordered, Potter pressed those arguments and related ones at sentencing. (Filing 46, at CM/ECF pp. 9-10.) Potter's arguments sufficiently caught my attention that I questioned counsel for the government about them. In fact, I specifically asked government's counsel to "[t]ell me why [Mr. Potter was] not right." (*Id.*, at CM/ECF p. 7.)

Government's counsel responded that Childers' case was quite typical. According to the prosecutor, many otherwise decent and law-abiding men just like Childers had been prosecuted in Nebraska federal court and sent to prison for comparable periods of times on comparable facts.[3] Indeed, the prosecutor believed

---

[2]Prior to sentencing, I denied the departure motion because I found that this case was not outside the "heartland" of cases. (Filing 32, at CM/ECF p. 2.) In other words, I ruled that U.S.S.G. § 5K2.0 did not apply. I did, however, conclude that the motion should also be considered as a request for variance and I set that matter for resolution at sentencing. (*Id.*, at CM/ECF p. 2 n.3.) Potter, evidencing a good understanding of the law, sought relief for his client both within the Guidelines and outside of them.

[3]The prosecutor was correct. *See, e.g.*, *United States v. Dodds*, 532 F.3d 703 (8th Cir. 2008) (affirming Guidelines prison sentence imposed by Judge Urbom in 2007). In *Dodds*, the same prosecutor sought and obtained a low-end Guidelines prison sentence in a child pornography possession case where the defendant paid for access to an illicit site, the defendant expressed sincere remorse, the defendant sought counseling, the defendant did well at counseling, the defendant did well in college courses taken after he was charged, the defendant had a stable job and a supportive network of family and friends, and his criminal history included only minor traffic infractions.

that the only possibly unusual aspect of the case was that Childers had accessed a pay-site with the brazen identifier "illegal.cp." (*Id.*, at CM/ECF p. 8.) The prosecutor stated that he thought a low-end Guidelines sentence was warranted, and, after due reflection, I agreed with him.[4]

.

I have carefully reviewed the § 2255 motion and supporting papers. Initially, I find and conclude that there are no specifics presented which establish that Potter missed an important case or an important legal argument or principle. Indeed, newly retained counsel concedes that Potter presented a "strong skeleton of valid, supportive case law . . . prior to sentence." (Filing 47-2, Attach. 1, at CM/ECF p. 4.)

In his § 2255 motion, Childers does refer to *United States v. Gall*, 128 S. Ct. 586 (2007) (while appellate court, in reviewing reasonableness of a sentence outside advisory Guidelines range, may take degree of variance into account, there is no rule that requires "extraordinary"[5] circumstances to justify sentence outside Guidelines range). That case was decided on December 10, 2007, a few months *after* I sentenced Childers.[6]

---

[4]In similar cases, I typically (but not always) impose a Guidelines prison sentence mainly out of a desire to dry up the market by driving down the demand. The predictable severity of the Guidelines is a good way to do that. In other words, I tend to believe that general deterrence notions are more important than the characteristics of the individual offender. Whether such an approach is right or wrong from a sentencing policy perspective, academics will judge. My doubt acknowledged, the Supreme Court has clearly given me the discretion to do so.

[5]Incidentally, the reference to "extraordinary" had to do with the Eighth Circuit's use of the word as a standard for appellate review of the degree of variance found in sentences that were substantially below the Guidelines. Thus, strictly read, *Gall* was addressed to the Courts of Appeal and not district judges.

[6]Interestingly, while citing *Gall*, Childers does not mention *Kimbrough* in support of his § 2255 motion. See *Kimbrough v. United States*, 128 S. Ct. 558 (2007) (when sentencing an offender in a "crack" case, district court may reject "crack"

I was well aware that *Gall* was pending before the Supreme Court at the time I sentenced Childers. Thus, I approached the sentencing of Childers and others cautiously. Specifically, I made it clear in writing prior to sentencing Childers that I would *not* apply a "presumption" that a Guidelines sentence was warranted, but I would "filter the Guidelines general advice through § 3553(a)'s list of factors." (Filing 32, at CM/ECF p. 1 n.1.) Indeed, and specific to Childers, I also emphasized in writing that:

> I am required to consider a non-Guidelines sentence (a "variance") when I apply the factors set forth in 18 U.S.C. § 3553 at sentencing. I will do so. That said, the probation officer has indicated that he "has not identified any factors under 18 U.S.C. [§] 3553(a) that may warrant a variance and imposition of a non-guideline sentence." PSR ¶ 81. I am tentatively inclined to agree with him, but, of course, I will hear the parties at sentencing.
>
> (Filing 32, at CM/ECF p. 2. n.3.)[7]

---

Guidelines based on the judge's personal view that crack cocaine/powder disparity yields a sentence "greater than necessary"). *Kimbrough* was also decided on December 10, 2007.

[7]At sentencing, I gave the following oral statement of reasons:

> To reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, and to afford deterrence, *recognizing that the guidelines are advisory, and considering all of the statutory goals of sentencing*, I now sentence you as follows: 51 months in prison, five years of supervised release. I will not impose a fine because you could not pay one and are not expected to be able to pay one. You will pay a $100 special assessment. And I do forfeit to the United States two E-Machines and an Ultra Tower. I recommend to the Bureau of Prisons that you be incarcerated at the camp at Yankton, South Dakota, or the camp at Leavenworth, Kansas.

Filing 46, at CM/ECF p. 12. (Emphasis added.)

Since I did not require a showing of "extraordinary" circumstances for a sentence outside the Guidelines, and since *Gall* was decided after I sentenced Childers, I fail to see how the Supreme Court's decision establishes that Potter provided ineffective assistance of counsel. Except for citing *Gall*, Childers offers no explanation either.

Still further, and particularly considering the very thorough presentence report and the detailed background information it provided (filing 39, at PSR ¶¶ 17-18, 45-62), there are no facts presented in Childers' motion that would have made a difference had they been presented to me.[8] On the contrary, the § 2255 motion is essentially a restatement of Potter's basic factual argument that a sentence within the Guidelines was too draconian for a nice, shy young man like Childers.

In summary, on this record, P. Stephen Potter performed at least as well as the average federal criminal defense lawyer. Furthermore, the record establishes that Potter's representation did not prejudice Childers.

IT IS THEREFORE ORDERED that the § 2255 motion (filing 47) is denied. A separate judgment will be issued.

September 25, 2008.   BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

---

[8] I have reviewed the attachments to the motion including # 1 Supplement Brief, # 2 Exhibit Motion for Downward Departure, # 3 Exhibit Brief in Support of Motion, # 4 Exhibit Statement of Position, # 5 Exhibit Letters from Sharon Pfeiffer and Jan Hatfield, # 6 Exhibit DOJ Policies and Procedures, # 7 Exhibit Support Letters, # 8 Exhibit Page 14 of PSI, # 9 Exhibit Letter from Teresa Forquer, # 10 Exhibit Declaration, # 11 Exhibit Sentencing transcript, # 12 Exhibit Class schedule, # 13 Exhibit Campus contact information, # 14 Exhibit Job Opportunities, and # 15 Exhibit Voluntary Community Service Options.